IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **SUMMER DANIELLE LYONS,** *on behalf of E.R.L, a minor child,* | ) ) ) |
| **Plaintiff,** | ) ) NO. 3:25-cv-00975 |
| v. | ) ) JUDGE CAMPBELL ) MAGISTRATE JUDGE HOLMES |
| **JOSHUA W LYONS,** *et al.*, | ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

Summer Danielle Lyons, a resident of Alabama, has filed a pro se Complaint (Doc. No. 1) on behalf of herself and E.R.L., pursuant to 42 U.S.C. § 1983; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; and § 504 of the Rehabilitation Act, 29 U.S.C. § 794.

On October 1, 2025, the Court stayed this case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending the resolution of the related ongoing state-court proceedings. (Doc. No. 112). The parties were ordered to notify the Court within 14 days after the resolution of the state-court proceedings, at which point the case may be re-opened if appropriate. (Doc. No. 112 at PageID# 1296).

On October 3, 2025, Plaintiff filed a Notice of Appeal challenging the October 1, 2025 Memorandum and Order (Doc. No. 112). (Doc. No. 113). By Order entered on December 8, 2025, the Court determined that Plaintiff is not certified to pursue an interlocutory appeal and thus is unable to proceed in forma pauperis on appeal. (Doc. No. 143).

Since the Court entered its October 1, 2025 Order staying and administratively closing this case, Plaintiff has submitted at least thirty different filings. Presently pending before the Court is Plaintiff's Motion for Indicative Ruling Under Rule 62.1 ("Motion for Indicative Ruling") (Doc. No. 114), Time Sensitive: Motion for Status Conference and Further Relief Based on Newly Discovered

Jurisdictional Defects ("Time Sensitive Motion") (Doc. No. 117), Motion to Lift Younger Stay (Doc. No. 121), Motion to Correct Case Number (Doc. No. 124), Notice of Filing and Request for Oversight: ADA Accommodation and State Attorney General Assistance ("Notice of Filing") (Doc. No. 125), Unified Motion for Leave to Amend Verified Complaint and for the Court to Exercise Supplemental Jurisdiction Over Closely-Related State-Law Claims (Doc. No. 135), Motion for Preliminary Injunction (Doc. No. 136), Motion to Ensure Record Integrity and for Order Directing Reconstruction or Explanation (Doc. No. 137), Motion to Lift the Younger Stay (Doc. No. 139), Motion to Amend Defendants (Doc. No. 140), Motion for Recusal Under 28 U.S.C. §§ 455(a) and 455(b)(1) ("Motion for Recusal") (Doc. No. 141), and Urgent: Notice Pursuant to the Court's Order Regarding Status of Underlying State Case and Request for Guidance (Doc. No. 142).

Plaintiff's Motion for Indicative Ruling (Doc. No. 114) will be denied, Plaintiff's Motion to Correct Case Number (Doc. No. 124) will be granted, and Plaintiff's Notice of Filing (Doc. No. 125) will be denied as moot. Plaintiff's Motion for Recusal (Doc. No. 141) will be held in abeyance pending the Sixth Circuit's ruling on Plaintiff's interlocutory appeal.

The remainder of Plaintiff's Motions (Doc. Nos. 117, 121, 135, 136, 137, 139, 140, 142) will be denied without prejudice.

### I. MOTION FOR INDICATIVE RULING (DOC. NO. 114)

Plaintiff seeks an indicative ruling from this Court under Federal Rule of Civil Procedure 62.1. (Doc. No. 114). Pursuant to that rule, if a timely motion is made for relief that the Court lacks authority to grant because of an appeal that has been docketed and is pending (such as here), the Court may defer considering the motion, deny the motion, or state either that it would grant the motion if the Court of Appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a)(1)-(3). The Court **DENIES** the motion for an indicative ruling.

## II. MOTION TO CORRECT CASE NUMBER (DOC. NO. 124)

In her Motion to Correct Case Number (Doc. No. 124), Plaintiff asks this Court for leave to correct a clerical error in her recent filings and asks that those filings reflect the correct case number of 3:25-cv-00975. (*Id*. at PageID# 1550). Plaintiff asks that this Court "accept all previously filed documents as properly filed under Case No. 3:25-cv-00975, and that the docket reflect the correct case number going forward." (*Id*. at PageID# 1550).

Plaintiff's Motion to Correct Case Number (Doc. No. 124) will be **GRANTED**.

## III. NOTICE OF FILING (DOC. NO. 125)

Plaintiff submitted her Notice of Filing (Doc. No. 125) "to supplement the record with the attached 'CORRECTED VERSION : Request for ADA Accommodation and Due Process Court Watching and State Oversight.'" (*Id*. at PageID# 1553). Plaintiff further states, "This filing is made to formally document Plaintiff's request for disability accommodation and transparency in all ongoing state court proceedings related to this matter." (*Id*. at PageID# 1553-54). Plaintiff attached an email she sent to Defendants within which she "request[ed] that an Assistant Attorney General . . . attend or observe the upcoming remote hearing in Lyons v. Lyons, No. 83CC1-2021-CV-646 . . . ." (*Id*. at PageID# 1556-57).

Because Plaintiff submitted this Notice of Filing to the Court simply to inform the Court of her efforts to obtain various accommodations in the related state-court proceeding as opposed to move the Court to act in any way, the Notice of Filing (Doc. No. 125) will be **DENIED** as moot.

## IV. MOTION FOR RECUSAL (DOC. NO. 141)

In Plaintiff's Motion for Recusal (Doc. No. 141), she moves for the undersigned's recusal on the grounds that "the State of Tennessee's incomplete and misleading representations concerning the underlying state-court posture created an appearance of partiality and resulted in judicial impressions that were formed on the basis of facts now shown to be materially inaccurate." (*Id*. at PageID# 1766).

Plaintiff argues that a "reasonable observer, aware of the full record now before the United States Court of Appeals for the Sixth Circuit, would question the Court's ability to evaluate the matter anew on remand." (*Id*.). Plaintiff requests that the undersigned recuse himself pursuant to 28 U.S.C. §§ 455(a) and 455(b)(1) upon remand from the Sixth Circuit.

Plaintiff's request is not yet ripe. The Court will hold this Motion in abeyance pending the Sixth Circuit's ruling on Plaintiff's interlocutory appeal.

## V. PLAINTIFF'S PENDING MOTIONS (DOC. NOS. 117, 121, 135, 136, 137, 139, 140, 142)

Neither Plaintiff's Motion for Preliminary Injunction (Doc. No. 136) nor any of Plaintiff's remaining pending motions (Doc. Nos. 117, 121, 135, 137, 139, 140, 142) state or even suggest that the related ongoing state-court proceedings are resolved, which was required by the Court's Memorandum and Order of October 1, 2025 (Doc. No. 112). In fact, Plaintiff's exhibits (Doc. No. 117-5; Doc. No. 121 at PageID# 1518) suggest the opposite, that related state-court proceedings are indeed ongoing.[1] Since Plaintiff has not fulfilled the requirements for lifting the stay, Plaintiff's pending Motions (Doc. Nos. 117, 121, 135, 136, 137, 139, 140, 142) will be **DENIED** without prejudice to refiling, if appropriate, at the resolution of the related state-court proceedings.

## VI. CONCLUSION

Plaintiff's Motion for Indicative Ruling (Doc. No. 114) is **DENIED**.

Plaintiff's Motion to Correct Case Number (Doc. No. 124) is **GRANTED**.

Plaintiff's Notice of Filing (Doc. No. 125) is **DENIED** as moot.

Plaintiff's Motion for Recusal (Doc. No. 141) is held in abeyance pending the Sixth Circuit's ruling on Plaintiff's interlocutory appeal.

---

[1] Based upon the Court's own research, the related state-court proceedings, Case No. 83CC1-2021-CV-646, are still ongoing. https://sumner.tncrtinfo.com/cvCaseForm.aspx?id=9B27A84F-F4BF-4345-82A3-5F146061012D&dsid=34d8dd1f (last visited Dec. 8, 2025).

The remainder of Plaintiff's Motions (Doc. Nos. 117, 121, 135, 136, 137, 139, 140, 142) are **DENIED** without prejudice.

The parties shall notify the Court in writing within **14 DAYS** after the resolution of the related state-court proceedings.

Plaintiff is advised that frivolous and/or duplicative filings may subject her to sanctions by the Court not limited to monetary sanctions or the dismissal of this case.

This case remains stayed and administratively closed.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE